**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00083 VAP (SPx)                           Date:  January 24, 2012

Title:   FEDERAL HOME LOAN MORTGAGE CORPORATION -v- NATHAN K. ARTHUR, AN INDIVIDUAL, AGNES ARTHUR, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE
=================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On September 15, 2011, Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Nathan K. Arthur and Agnes Arthur ("Defendants") in the California Superior Court for the County of San Bernardino.  (Not. of Removal.)  On January 17, 2012, Defendants removed the action on the basis of this Court's diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 38 U.S.C. § 1331.  (<u>See</u> <u>id.</u>)

     Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the

EDCV 12-00083 VAP (SPx)
FEDERAL HOME LOAN MORTGAGE CORPORATION v. NATHAN K. ARTHUR, AN INDIVIDUAL, AGNES ARTHUR, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of January 24, 2012

defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants claim removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendants do not claim that the amount in controversy exceeds the jurisdictional threshold for diversity jurisdiction, $75,000.  (Id. at 2-7); see 28 U.S.C. § 1332.  In fact, Defendants never state an amount in controversy.  Thus, Defendants have not shown the Court has jurisdiction based on diversity under 28 U.S.C. § 1332.

Defendants also allege the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims arise under federal law.  (See Not. of Removal at 2.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants have not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have

EDCV 12-00083 VAP (SPx)
FEDERAL HOME LOAN MORTGAGE CORPORATION v. NATHAN K. ARTHUR, AN INDIVIDUAL, AGNES ARTHUR, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of January 24, 2012

not met their burden of establishing that this case is properly in federal court.  See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**